**UNITED STATES of America,**
**Appellee,**

v.

**Fabian MARTINEZ, Defendant–**
**Appellant.**

**No. 04–1179–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 27, 2004.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Rosemary Nidiry, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (David N. Kelley, United States Attorney for the Southern District of New York, on the brief, and Harry Sandick, Assistant United States Attorney for the Southern District of New York), for Appellee, of counsel.

Present: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Fabian Martinez ("Martinez") appeals from a 70–month sentence entered on February 20, 2004 in United States District Court for the Southern District of New York (Koeltl, *J.*) following a guilty plea to one count of conspiring to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). It is assumed that the parties are familiar with the fact background and the procedural history.

Martinez's primary claim on appeal is that, since he had no authority for decision making, planning, or recruiting in the course of the conspiracy to distribute narcotics, the district court erred in denying a mitigating role adjustment under U.S.S.G. § 3B1.2(b) (providing that a defendant's base offense level may be reduced by two levels if the defendant "was a minor participant in any criminal activity"). "We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000). Even if Martinez's factual assertions are correct, they do not bespeak clear error—especially since Martinez admitted that he advanced the conspiracy by knowingly traveling to a co-conspirator's apartment in order to pick up and "cut out" two kilograms of narcotics from the lining of a jacket sleeve.

All of Martinez's other claims on appeal allege that various aspects of his sentence violate the Supreme Court's recent holding in *Blakely v. Washington,* —— U.S. ——, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004). With regard to these claims, the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, we will not reconsider Martinez's Sixth Amendment appeal of his sentence until after the Supreme Court's decision in *Booker/Fanfan.* The parties will have until 14 days following the Supreme Court's decision to file supplemental peti-

tions for rehearing in light of *Booker/Fan-fan.*

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**